

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CG7285

GINO BUCKLES and JOSE FIGUEROA,

    Plaintiffs,

-against-

THE CITY OF NEW YORK, P.O. RIKKI ROODAL, P.O. MICHAEL DENNIS, DET. NELSON DONES and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), Individually and in their Official Capacities.

    Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

___ CV _____

    Plaintiffs GINO BUCKLES and JOSE FIGUEROA by their attorneys, MYERS, SINGER & GALIARDO, LLP, complaining of the Defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK, P.O. RIKKI ROODAL, P.O. MICHAEL DENNIS, DET. NELSON DONES and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), as Officers of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of Plaintiffs' rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiffs' constitutional and civil rights.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiffs demand a trial by jury on each and every one of their claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. At all times relevant hereto, Plaintiffs were and are residents of New York, New York.

7. At all times relevant hereto, defendant THE CITY OF NEW YORK (hereinafter, "NYC") is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

8. At all times relevant to this action, Defendants P.O. RIKKI ROODAL, P.O. MICHAEL DENNIS, DET. NELSON DONES and P.O.s "JOHN DOE" #1-5 (said

names being fictitious, as the true names are presently unknown), are and were police officers, employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law. They are being sued in both their individual and official capacities.

9. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and NYC, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

10. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

11. On June 10, 2010, at approximately 6:30 p.m., Plaintiffs GINO BUCKLES ("BUCKLES") and JOSE FIGEUROA ("FIGUEROA"), were on the "2/3" Subway Train while on their way home to Manhattan after running errands in Brooklyn.

12. They switched to a "1" Subway Train at 96th Street to take a local train to 125th Street, where they planned to exit the subway system to pick up dinner.

13. As Plaintiffs BUCKLES and FIGUEROA were standing and talking on the crowded train, they noticed a man standing near them that appeared to be asleep and possibly intoxicated. The man was wearing a backpack.

14. This individual, who later turned out to be a "decoy" undercover police officer, continued to physically back into and bump against Plaintiffs BUCKLES and FIGUEROA. Plaintiffs moved away from the individual and continued to talk.

15. When the subway reached 125th Street, Plaintiffs began to exit. FIGUEROA first alighted the train and began to walk toward the exit. He turned around to see that BUCKLES had been grabbed by a plainclothes police officer and was soon thereafter thrown against a wall. Other police officers arrived at the location.

16. Plaintiff FIGUEROA approached the police officers and asked what was happening. One of the officers asked, "are you with him?". When FIGUEROA said, "yes, he's my brother", the officers then grabbed FIGUEROA and forcibly began to search his person.

17. Plaintiff FIGUEROA objected and said he had not done anything wrong, to which a police officer stated, "shut the fuck up!"

18. The police officers searched both FIGUEROA and BUCKLES, but found no drugs, stolen goods or other contraband.

19. Shortly thereafter, another police officer arrived at the location, upon information and belief, P.O. RIKKI ROODAL, and announced to the other officers, "the phone is still in the bag".

20. The police officers then began to have a discussion among themselves. BUCKLES asked, "what is going on, why are you holding us?". He too was told by then police officers to "shut the fuck up!".

21. Plaintiff FIGUEROA replied, "what is the problem, we havent done anything wrong." Nevertheless, the defendant police officers then forcibly placed both Plaintiffs under arrest.

22. The Plaintiffs were handcuffed and taken to the precinct. They repeatedly asked what they were being charged with, but were not told by the Defendant police officers.

23. Only later, after meeting with their court-appointed lawyers, did the Plaintiffs learn that they were being accused of taking a iPhone out of the backpack of the "decoy" undercover police officer in the subway car. The police further allege that after removing the subject phone, the Plaintiffs returned it back to the backpack.

24. Later, the Defendant police officers filed false and misleading reports to support the arrest charges, including the false allegation(s) that Plaintiffs had committed the crimes of Grand Larceny in the Fourth Degree (PL 155.40) and Criminal Possession of Stolen Property in the Fifth Degree (P.L. 165.40).

25. The Plaintiffs were transported to the Criminal Court of the City of New York, County of New York, and arraigned under Dockets Numbered 2010NY043811 (FIGUEROA) and 2010NY043811 (BUCKLES).

26. On June 11, 2010, after approximately 24 hours of incarceration, both Plaintiffs were arraigned and released upon their own recognizance. Both Plaintiffs continued to return to court for more than a year to fight the allegations against them.

27. In or about September 2010, Plaintiff BUCKLES, was found in violation of his parole and was taken into custody by his parole officer as a result of this arrest. He remained incarcerated for approximately fourteen (14) months while fighting the case.

28. Plaintiff FIGUEROA, who has no criminal record, remained at liberty during the pendency of the criminal charges.

29. In or about December 2, 2010, the defendant police officers testified before a Grand Jury and provided false and misleading testimony in an effort to secure an indictment against the Plaintiffs, including the false claim that: Plaintiff BUCKLES had reached into the undercover police officer's backpack and removed an iPhone which he

purportedly handed to Plaintiff FIGUEROA. Thereafter, Plaintiff FIGUEROA allegedly handed the iPhone back to Plaintiff BUCKLES who, in turn, placed it back into the back pack of the undercover police officer prior to the Plaintiffs exiting the subway train.

30. Based upon this false, misleading and fraudulent testimony, the Grand Jury voted a "True Bill", indicting the Plaintiffs for the crimes of Grand Larceny in the 4th Degree and Criminal Possession of Stolen Property in the 5th Degree.

31. On or about December 15, 2010, At their Supreme Court Arraignment, both Plaintiffs pled "Not Guilty" to the false charges against them and proceeded to fight the charges for the next thirteen (13) months while making a multitude of court appearances.

32. On or about January 18, 2012, the Plaintiffs went to trial. A trial jury rejected the testimony of the Defendant police officers and found Plaintiffs "Not Guilty" of all chargees, which were then dismissed and sealed.

33. Thereafter, Plaintiff BUCKLES was released from custody. Plaintiff BUCKLES spent approximately sixteen (16) months in jail as a result of the false charges. Plaintiff FIGUEROA spent one day in jail as a result of the false charges.

34. Neither Plaintiff suffered physical injury as a result of the subject arrest.

## FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

35. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 34 with the same force and effect as if fully set forth herein.

36. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

37. All of the aforementioned acts deprived Plaintiffs, BUCKLES and FIGUEROA, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

38. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

39. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

41. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF: CONSPIRACY TO VIOLATE CIVIL RIGHTS

42. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 41 with the same force and effect as if fully set forth herein.

43. All of the aforementioned Defendants conspired to violate Plaintiffs' civil rights by agreeing among themselves to falsely charge Plaintiffs with crimes and testify falsely, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

### THIRD CLAIM FOR RELIEF:
### FALSE AREST UNDER 42 U.S.C 1983

44. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 43 with the same force and effect as if fully set forth herein.

45. As a result of defendants' aforementioned conduct, Plaintiffs, BUCKLES and FIGUEROA, were subject to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

46. As a result of the foregoing, Plaintiffs' liberty was restricted for an extended period of time, and they were put in fear for their safety and subjected to handcuffing, and other physical restraints, without probable cause.

47. As a result of their false arrest, Plaintiffs BUCKLES and FIGUEROA were subjected to humiliation, ridicule and disgrace. Plaintiffs were discredited in the minds of many members of the community.

### SIXTH CLAIM FOR RELIEF:
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. 1983

48. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 47 with the same force and effect as if fully set forth herein.

49. Defendants issued legal process to place Plaintiffs under arrest.

50. Defendants arrested Plaintiffs in order to obtain a collateral objective outside the legitimate ends of the legal process.

51. Defendants acted with intent to do harm to Plaintiffs without excuse or justification.

## SEVENTH CLAIM FOR RELIEF: MUNICIPAL LIABILITY

52. Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 51 with the same force and effect as if fully set forth herein.

53. Defendant Police Officers P.O. RIKKI ROODAL, P.O. MICHAEL DENNIS, DET. NELSON DONES and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), arrested BUCKLES and FIGUEROA despite a complete lack of evidence against them, notwithstanding their knowledge that an arrest would jeopardize Plaintiffs' liberty, well-being, safety and constitutional rights.

54. The acts complained of were carried out by the individual defendants in their official capacities as police officers, with the actual and/or apparent authority attendant thereto.

55. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

56. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were no limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

57. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiffs BUCKLES and FIGUEROA.

58. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiffs BUCKLES and FIGUEROA as alleged herein.

59. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violation suffered by Plaintiffs GINO BUCKLES and JOSE FIGUEROA as alleged herein.

60. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiffs GINO BUCKLES and JOSE FIGUEROA.

61. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiffs' constitutional rights.

62. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of Liberty without Due Process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

63. All of the foregoing acts by Defendants deprived Plaintiffs GINO BUCKLES and JOSE FIGUEROA of federally protected rights, including, but not limited to, the right:

   a. Not to be deprived of liberty without due process of law;

   b. To be free from seizure and arrest not based upon probable cause;

   c. To be free from unlawful imprisonment;

   d. To be free from unwarranted and malicious criminal prosecution;

   e. To be free from intentional assault and infliction of emotional distress;

   f. Not to have cruel and unusual punishment imposed upon him; and

   g. To receive equal protection under the law.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs GINO BUCKLES and JOSE FIGUEROA each demand judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court seems just and proper.

DATED:     New York, New York
           March 9, 2012

                                    Respectfully submitted,

                                    _____
                                    Christopher D. Galiardo (CG7285)

                                    MYERS, SINGER & GALIARDO, LLP
                                    *Attorneys for Plaintiff*
                                    299 Broadway, Suite 200
                                    New York, New York 10007
                                    (212) 986-5900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GINO BUCKLES and JOSE FIGUEROA,

Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. RIKKI ROODAL, P.O. MICHAEL DENNIS, DET. NELSON DONES and P.O.s "JOHN DOE"#1-5 (said names being fictitious, as the true names are presently unknown), Individually and in their Official Capacities.

Defendants,

COMPLAINT AND DEMAND FOR JURY TRIAL

MYERS, SINGER & GALIARDO, LLP
Christopher D. Galiardo, Esq.
299 Broadway, Suite 200
New York, New York 10007
(212) 986-5900